IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :     NO. 08-M-1220 |
| GEORGE GEORGIOU | : |

### MEMORANDUM ORDER

AND NOW, this 10th day of December, 2008, upon consideration of defendant's Motion Pursuant to 18 U.S.C. § 3142(c)(3) to Amend Conditions of Pretrial Release and Request for a Hearing (Doc. No. 23) (the "Motion"), and the Government's objections thereto (Doc. No. 24), it is hereby

### ORDERED

that the Motion is **DENIED** for the reasons stated below.

On September 22, 2008, this court filed a Memorandum Order ordering that defendant, a citizen of Canada, be detained pending trial. Prior to the entry of the order, the court held a lengthy hearing and subsequently explained the rationale of its decision in the Memorandum Order. See Doc. No. 5. Defendant appealed this order. While the appeal was pending, counsel for defendant and the Government reached an agreement to release defendant under strict conditions of confinement, including that he reside in New York with his uncle, to be enforced by electronic monitoring (the "Agreement"). The court approved the Agreement and signed the proposed order submitted by the parties. See Doc. No. 11. Defendant discharged his previous counsel and retained new counsel, who filed the Motion to amend the release order to allow defendant to return to his native Canada to reside with his family. Counsel asserts that three "new" facts justify reconsideration by this court of the Agreement reached by prior counsel.

First, defendant alleges that his wife recently gave birth and suffers from post-partum depression. Second, a Canadian attorney will arrange for defendant to be supervised by a local police department in Canada. Last, additional friends have come forward willing to post "unsecured bonds" as security for the appearance bond.

The court is keenly aware of the hardship caused by pretrial detention on a defendant's family. Before entering the detention order, the court knew that defendant's wife was pregnant and that defendant's detention would cause hardship to her. Nevertheless, sympathy for defendant's family alone does not justify allowing defendant to return to Canada beyond the jurisdiction of the United States. See United States v. Anderson, 2008 WL 1820819, at *2 (D.N.D. Apr. 22, 2008) (refusing to release defendant because of "great hardship" to his family, noting that "[t]he defendant only has himself to blame for his detention and the hardship which it has occasioned"). The court also notes that nothing in the Release Order prohibits defendant's wife and children from visiting defendant in New York.

The court makes special note of the Waiver of Extradition and Supervision Package attached as Exhibit B to the Motion. See Motion, Ex. B. Pursuant to these documents, defendant would irrevocably waive his rights to contest extradition from Canada to the United States. See Motion, Ex. B, ¶¶ 5-12. However, Canadian counsel Edward L. Greenspan, Q.C., acknowledges in his Affidavit that defendant may "attempt[] to withdraw the irrevocable authorization" not to contest extradition. (Motion, Ex. B (Greenspan Affidavit, ¶ 11).) This statement confirms the representation of defendant's prior counsel that irrevocable waivers of extradition may, in some circumstances, be withdrawn and/or may not be enforceable in Canada. (Memorandum Order (Sept. 22, 2008) at ¶¶ 4, 6.) Should defendant seek to withdraw the waiver,

Mr. Greenspan declares that he is "duty bound not to act on any instructions to withdraw [defendant's] irrevocable authorization." (Motion, Ex. B (Greenspan Affidavit, ¶ 11).) While Mr. Greenspan would take no steps to withdraw defendant's waiver of extradition, other counsel or defendant himself might take such steps resulting in the commencement of potentially lengthy extradition proceedings in Canada to return defendant to the United States.

        The court denies the Motion to amend the Agreement entered into by prior counsel and the Government. The court reluctantly agreed to the release of defendant because defendant agreed to reside in the United States, surrender his passport, and remain subject to electronic monitoring. The court remains convinced that its September 22, 2008 detention order was the proper decision. Therefore, in addition to the above, the court refers the parties to its September 22, 2008 Memorandum Order for the court's explanation as to why allowing defendant to return to Canada and to be supervised by Canadian police, and accepting additional posting of unsecured bonds would not assure defendant's appearance in the United States or protect the safety of a confidential witness.

                                      BY THE COURT:

                                      /s/ Thomas J. Rueter
                                      THOMAS J. RUETER
                                      Chief United States Magistrate Judge