```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA        :
                                              :
       v.                         :   CRIMINAL NO. 08-mj-01220-JF
                                              :
GEORGE GEORGIOU                 :

<u>MEMORANDUM AND ORDER</u>

Fullam, Sr. J.                                         January 7, 2009

        The defendant, George Georgiou, is a citizen and a resident of Canada. He has been arrested and charged with unlawful stock-manipulation as a result of a series of acts he allegedly committed over a lengthy period of time. The government contends that his activities caused financial losses in the millions of dollars. Contending that he posed a serious risk of flight, the government sought pre-trial detention. At a hearing before United States Magistrate Judge Rueter in early September 2008, the court granted the government's motion. Defendant filed an appeal to this court. While the appeal was pending, the parties worked out a compromise arrangement, whereby the defendant would live with a relative in New York subject to electronic monitoring. Under this arrangement, defendant's movements would be restricted to specified areas, not including Canada.

        Counsel who negotiated the compromise no longer represent the defendant. Through new counsel, defendant has now filed a motion to modify the agreed-upon conditions. The

defendant proposes that he be allowed to return to Canada to live with his family, under arrangements whereby employees of a Canadian contractor would monitor his activities, and would promptly respond to any violations of the electronic monitoring arrangement.  Defendant also proposes to furnish surety bonds guaranteed by various relatives and friends, aggregating millions of dollars, and proffers a complete waiver of extradition.

The government objects to the proposed changes, asserting, among other things, that the bonds would not be enforceable in Canada, that the waiver of extradition might not be enforceable in Canada, and that the American authorities would have no direct ability to enforce the electronic monitoring requirements.  Magistrate Judge Rueter declined to approve the proposed amendments, and defendant has appealed that order as well.

In his two opinions in this case, Magistrate Judge Rueter carefully outlined his reasoning.  He agrees that there is a very great risk of flight, that the government has a strong case on the merits, etc.  I have not been provided with any valid basis for disagreeing with Judge Rueter's conclusions on these subjects.

I do agree that the conditions now proposed by defendant's counsel might very well prove workable, and that any attempt by the defendant to become a fugitive or to remain a

fugitive for any significant period of time could probably be overcome.  On the other hand, enforcement of the proposed conditions, if that became necessary, might well prove burdensome and time-consuming.  I can understand why the government is reluctant to assume the additional burdens these conditions might impose upon government personnel.

On balance, I believe the key factor is that the present arrangements were agreed upon by defendant and his then-counsel, and the present record provides no sufficient reason for modification of the arrangements.  The only change of circumstances referred to is the fact that defendant's wife has recently given birth to a baby and is allegedly suffering from postpartum depression.  It is argued that, if the defendant could be reunited with his family in Canada, her depression might be ameliorated.  In my view, however, it is reasonable to suppose that frequent telephone conversations, and occasional visits to the defendant in New York, would be as likely to benefit the family situation as would the arrangements now being proposed by the defendant.

In short, I believe Magistrate Judge Rueter adequately addressed, and properly resolved, the issues involved.  Defendant's motion for modification will be denied.

An Order follows.

```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA       :
                               :
    v.                           :   CRIMINAL NO. 08-mj-01220-JF
                               :
GEORGE GEORGIOU                :

## ORDER

AND NOW, this 7th day of January 2009, IT IS ORDERED:

1. Defendant's appeal from the detention order originally entered by the Magistrate Judge is DENIED as moot.

2. Defendant's motion for modification of the pretrial conditions is DENIED, without prejudice to re-assertion if trial has not commenced within 120 days from the date of this Order.

                                          BY THE COURT:


                                          /s/ John P. Fullam
                                          John P. Fullam, Sr. J.